# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LARRY DEROY YOUNG**,

        Plaintiff,      )
)
) **Case No.: 22**
) **Hon.:**
)
)
-vs.-                           )
)
)

**SAINT CLAIR SHORES**    )
**POLICE DEPARTMENT**    )
**OFFICER CLINTON RICE**  )
**Jointly and Severally,**       )
        Defendants.

_____

# **COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

_____
**Jerard M. Scanland**
**Attorney At Law**

**COMES NOW THE** Plaintiff, **LARRY DEROY YOUNG,** by and through his attorneys, MUSSIN & SCANLAND, PLLC and by his respective attorney Jerard M. Scanland, complains against the above-named Defendants, as follows:

## PARTIES

1. Plaintiff, LARRY DEROY YOUNG is a resident of the City of Detroit, Wayne County, Michigan.

2. Defendant, St. Clair Shores Department is a public entity/governmental agency and corporation under authority and/or charter from the City of St. Clair Shores, to, among the many duties charged, uphold and enforce the laws of the State of Michigan, and laws and ordinances of the City of St. Clair Shores and is located in the City of St. Clair Shores, County of Macomb, State of Michigan.

3. Defendant CLITON Rice is a police officer/detective, employed by the City of St. Clair Shores and City of St. Clair Shores Police Department, with his principal place of business being in the City of St. Clair Shores, County of Macomb, State of Michigan.

4. While African Americans make up only 14% of the state's population, they accounted for 17% of all traffic stops in 2017, 19% of traffic stops in 2018, and 20% of traffic stops in 2019.

5. Notably, racially-motivated vehicular stops are not innocuous encounters. Rather, they are unconstitutional seizures that increase the potential for

confrontation, police violence, fatality, unlawful arrest, and compounding constitutional violations.

6. As articulated in the special report Driving While Black: Racial Profiling on Our Nations' Highways, "Race-based traffic stops turn one of the most ordinary and quintessentially American activities into an experience fraught with danger and risk for people of color."

7. Such fear and danger are fueled by pervasive reports of unlawful police brutality suffered by African Americans in police encounters, such as the murder of George Floyd, the shooting death of Philando Castile during a traffic stop, the death of Eric Garner in a police chokehold, and the November 2020 mauling in which a Michigan State Police trooper unleashed his K-9 on a non-resisting Black man, allowing the dog to maul the man for four minutes before calling him off.

## JURISDICTION

8. This Court has Jurisdiction pursuant to Mich Const. Art1, §11, MCL 440.2716, False Imprisonment, False Arrest, Trespass, Harassment, Intentional Infliction of Emotional Distress, and U.S. Const. Amend. IV, 42 USC §1983, 28 USC §1331, 28 USC §1343(3) and (4), 28 USC§1367.

## VENUE

9. Venue is proper under 28 U.S.C. §1391(b)(1) and (2), this being a judicial district where the events giving rise to this action occurred.

## **GENERAL ALLEGATIONS**

10. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

11. This matter arises from violations of Larry Young rights on August 19, 2019.

12. The Defendant Officer Rice caused a criminal process to be initiated against the Plaintiff.

13. As a result of the criminal proceedings being initiated against the Plaintiff, the Plaintiff was arraigned in the district Court, and subsequently bound over to the Circuit Court where the charges against him were dismissed on August 20, 2020.

14. A three-year statute of limitations applies to a personal injury action in Michigan alleging a 1983 claim. According to *Peterson Novelties, Inc. v City of Berkley,* 259 Mich.App 1, 15; 672 NW2d 351 (2003), a claim does not begin to accrue until the conviction is vacated. It is well established that § 1983 claims based on malicious prosecution, the statute of limitations does not begin to run until the underlying criminal action is terminated in favor of the accused. Here, the matter was not terminated in Larry Young's favor until August 20, 2020.

15. Defendant Officer Rice placed false information on the record with the Court, which caused criminal charges to be filed against Larry Young.

16. On August 19, 2019, at approximately 1135 hours, Officer Rice was on patrol in a fully marked scout car in a full uniform traveling westbound on 10 mile road east of Little Mack.

17. Defendant Rice observed a gold Lincoln Town Car stopped on the side of the road.

18. Defendant Officer Rice activated his overhead emergency lights and pulled up behind the vehicle belonging to Plaintiff. Defendant Rice approached Plaintiff and inquired as to why he was stopped.

19. Plaintiff advised Defendant Officer Rice that he was stopped because he was searching for a place to fish.

20. Defendant Officer Rice then approached Plaintiff again and it was at this time, an investigation into whether the Plaintiff had been drinking ensued.

21. Plaintiff was arraigned and subsequently the matter was transferred to the Macomb County Circuit Court, where the matter was dismissed on August 20, 2022.

22. The Plaintiff was profiled based on his race.

23. There was no reason to believe Plaintiff had been operating his motor vehicle while under the influence of alcohol.

24.   The Defendant Officer Rice knowingly, willingly, and with the intent to deceive caused a criminal complaint to be filed against Larry Young without proper evidentiary support

25.   The Defendant Officer Rice knew on the date the complaint was filed, that he did not have proper evidentiary support to make said complaint.

26.   The actions of the Defendants, jointly and severally, were both intentional and designed to intimidate and harass Larry Young in violation of his civil rights.

27.   Larry Young has suffered economic damages, non-economic damages, embarrassment, humiliation, mental distress, loss of his civil liberties, and severe emotional stress among other damages.

28.  The racial targeting of Plaintiffs did not occur in a vacuum and it was not an isolated, unique event.

29.   Plaintiff seeks damages in excess of $25,000 and/or equitable relief, and this cause is otherwise within the jurisdiction and venue of this Court.

## COUNT I
### (42 U.S.C. § 1983 Violation of the Fourth and Fourteenth Amendments Unlawful Search and Seizure)

30.   Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31.   As stated and incorporated herein via the General Allegations, Defendants' deprived Plaintiff of his federal constitutional and/or statutory rights by arresting

the Plaintiff for operating a motor vehicle while intoxicated following Plaintiff simply being in the area attempting to search for a place to fish and thus subjecting him to the criminal process.

32. Defendants and other unknown officers/detectives, acted under color of state law when the Defendants deprived Plaintiff of his federal rights, property interests and otherwise subjected the Plaintiff Larry Young to the criminal process after arresting the Plaintiff for operating a motor vehicle while intoxicated following Plaintiff simply being in the area attempting to search for a place to fish.

33. Defendants lacked any probable cause to believe Plaintiff committed a traffic violation and there was no basis for a traffic stop.

34. Defendants lacked any reasonable suspicion that Plaintiff was engaged in or were about to become engaged in the commission of a felony or misdemeanor and there was no basis for a traffic stop.

35. The detention of Plaintiff for any period of time was not reasonably required and was therefore unlawful.

36. The detention of Plaintiffs, along with the unwarranted search of Plaintiff's automobile, were unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable search and seizure guaranteed by the Fourth Amendment of the United States Constitution.

37. As a direct and proximate result of Defendants actions in violation of 42 USC §1983, Plaintiff has sustained injuries and damages as outlined in this Complaint.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

    a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;
    b. Compensatory damages against all defendants to which Plaintiff is entitled;
    c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;
    d. An award of interest, costs, and reasonable Attorney fees;
    e. And such other relief as this Honorable Court deems proper and just.

## COUNT-II
## MONELL CLAIM AGAINST THE CITY OF FLINT AND THE FLINT POLICE DEPARTMENT

38. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. Plaintiff has been subjected to a deprivation of clearly established constitutionally protected rights and privileges secured by the Constitution of United States, including:

    a. His Fourteenth Amendment rights as described above; and
    b. His Fourth Amendment rights as described in above.

40. The foregoing rights were clearly established at the time of the violations.

41. The deprivations were caused by the customs, policies, and established practices of the St. Clair Shores Police Department, acting under color of its statutory and legal authority, including without limitation:

      a. Failing to train the St. Clair Shores Police Department officers regarding how to properly investigate a crime and ensure there is proper evidentiary support prior to filing and/or requesting a complaint be filed.

42. Defendant Officer Rice was a state actor acting under the color of law.

43. The St. Clair Shores Police Department showed a deliberate indifference to Plaintiff's constitutional rights subjected him to violations of his Fourth and Fourteenth Amendment rights by failing to train the St. Clair Shores Police Department officers regarding how to properly investigate a crime and ensure there is proper evidentiary support prior to filing and/or requesting a complaint be filed.

44. The foregoing violations caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

45. Plaintiffs federal constitutional claims are cognizable under 42 U.S,C. 51983.

    **WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

      a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;

  b. Compensatory damages against all defendants to which Plaintiff is entitled;
  c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;
  d. An award of interest, costs, and reasonable Attorney fees;
  e. And such other relief as this Honorable Court deems proper and just.

### COUNT-III
### (Violation of 42 U.S.C. § 1983 Violation of the Fourteenth Amendment Equal Protection)

46. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. A traffic stop by a law enforcement officer must be based on observed conduct that gives the officer probable cause to believe there has been a violation of a traffic law or regulation; or reasonable suspicion to believe other criminal activity is afoot.

48. Plaintiff neither violated laws nor engaged in conduct giving rise to reasonable suspicion or probable cause at the time they were stopped by Defendants.

49. The Defendants' conduct toward Plaintiff including but not limited to falsely arresting the Plaintiff for operating a motor vehicle while intoxicated following Plaintiff simply being in the area attempting to search for a place to fish.

50. Defendants' actions and/or omissions denied Plaintiff equal protection under the law as Plaintiff suffered injuries as a result of his disparate treatment.

51. Plaintiff is African American and they were subjected to a stop, seizure and search because of their racial identity.

52. Defendants' actions were motivated by evil motive or intent and/or involved reckless or callous indifference to the Plaintiff's rights. Specifically, Defendants willfully and/or maliciously engaged in unconstitutional racial profiling.

53. The effect of Defendants' actions was racial discrimination against Plaintiff in that driver of other races who, like Plaintiff, was lawfully operating their motor vehicles, were not stopped and detained in the same way and for the same reasons as Plaintiff.

54. Defendants' actions and/or omissions proximately caused his injuries.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

    a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;
    b. Compensatory damages against all defendants to which Plaintiff is entitled;
    c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;
    d. An award of interest, costs, and reasonable Attorney fees;
    e. And such other relief as this Honorable Court deems proper and just.

## COUNT-IV
## NEGLIGENT INFLICTION OF EMOTION DISTRESS

55. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

56. Defendants and others, engaged in extreme and outrageous conduct by subjecting the Plaintiff to the criminal process without proper proof and without performing a thorough investigation before making false statements under oath.

57. The extreme and outrageous conduct by Defendants and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

58. As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

59. As a direct and proximate consequence Defendants actions, Plaintiff suffered damages including, but not limited to, physical and emotional harm, pain and suffering, fear, and emotional distress.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

   a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;
   b. Compensatory damages against all defendants to which Plaintiff is entitled;
   c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;
   d. An award of interest, costs, and reasonable Attorney fees;
   e. And such other relief as this Honorable Court deems proper and just.

## COUNT-V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

61. At all relevant times, Defendants were charged with knowledge of the laws as it pertains to investigations regarding whether a crime had been committed and what evidentiary support is required to prove said crime.

62. Despite knowledge of the foregoing facts and law, Defendants intentionally, recklessly and/or maliciously engaged in the actions and conduct set forth above.

63. Defendants' conduct was extreme and outrageous.

64. As a result of Defendant's extreme and outrageous conduct, Plaintiffs sustained severe emotional distress, as well as the damages set forth herein.

**WHEREFORE**, Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

   a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;
   b. Compensatory damages against all defendants to which Plaintiff is entitled;
   c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

       d. An award of interest, costs, and reasonable Attorney fees;
       e. And such other relief as this Honorable Court deems proper and just.

Dated: August 22, 2022              Respectfully Submitted,

                           **MUSSIN & SCANLAND, PLLC**

                           By: /s/JERARD M. SCANLAND_____
                                **JERARD M. SCANLAND (P74992)**
                         Attorney for Plaintiff
                         13351 Reeck Court, Suite 5
                         Southgate, Michigan 48195
                         Phone: (734)-282-6037
                         Fax: (734)-447-5853
                         JScanland@milawoffices.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LARRY DEROY YOUNG**,

        Plaintiff,        )
)
) **Case No.: 22**
) **Hon.:**
)
)
-vs.-                              )
)
)
**SAINT CLAIR SHORES**  )
**POLICE DEPARTMENT**   )
**AND OFFICER CLINTON** )
**RICE**                           )
**Jointly and Severally,**     )
        Defendants.     )
)

___

## JURY DEMAND

     **COMES NOW THE** Plaintiff, **LARRY YOUNG,** through is attorneys the law firm of MUSSIN & SCANLAND, PLLC and by his respective attorney and hereby demands a trial by jury.

Dated: August 22, 2022            Respectfully Submitted,

                            **MUSSIN & SCANLAND, PLLC**

                      By: /s/JERARD M. SCANLAND_____
                      **JERARD M. SCANLAND (P74992)**
                  Attorney for Plaintiff
                  13351 Reeck Court, Suite 5
                  Southgate, Michigan 48195
                  Phone: (734)-282-6037
                  Fax: (734)-447-5853
                  JScanland@milawoffices.com